ORIGINAL

# In the United States Court of Federal Claims

No. 13-473C
(Filed January 7, 2014)
NOT FOR PUBLICATION

FILED

JAN 7 2014

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
DESHORIE EVADNE GRANT,           *
                                 *
              Plaintiff,         *
       v.                        *
                                 *
THE UNITED STATES,               *
                                 *
              Defendant.         *
                                 *
* * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

The matter before the court is the defendant's September 12, 2013 motion to dismiss this case for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). For the reasons discussed below, the defendant's motion is **GRANTED** due to the plaintiff's failure to state a claim within this court's jurisdiction.

### I. BACKGROUND

The plaintiff alleges a variety of claims against employers, union officials, co-workers, her ex-husband, his attorney, police officers, a judge, federal agencies, and numerous unnamed persons.[1] The plaintiff first asserts mistreatment at her former

---

[1] The complaint's caption names ten parties as purported defendants --- the "United States Department of Labor," "United States Department of Internal Revenue Service," "United States Department of Treasury," "United States Department of Justice," "United States Department of Adjudication and Review," "Federal Trade Commission," "Federal Deposit Insurance Claims," "United States Bankruptcy Court," "United States Department of Veteran Affairs," and "United States Postal Inspector." See Compl. at 1. Most of these are not mentioned beyond the caption

place of employment, a division of the U.S. Department of Labor (DOL). She alleges that her pay and grade were reduced after harassment by union officials and management; that she was fired from her position without due process; that she was banned from the building after voluntarily surrendering her credentials; that she was not paid workers' compensation after an accident; and that co-workers and administrators falsified documents affecting her pay and resulting in back taxes and a lien against her children's savings. Compl. 2–5.

The plaintiff continues by alleging criminal conduct by various individuals, including theft from her retirement savings; murder by hire of her husband; theft of her husband's identity, earnings, pension, other benefits, and bank account funds; false imprisonment; and kidnapping. Id. at 5–13. She also complains that her children were taken from her custody; that she was subjected to an involuntary mental examination; that her ex-husband's attorney interfered with her appearance at a custody hearing; that the police were hired to give her a speeding ticket; and that she did not get a fair trial or proper defense. Id. at 13–19.

The plaintiff next directs her attention to alleged misconduct by numerous federal agencies. She claims that she was hired to spy at the Office of Disability Adjudication and Review (ODAR) where she observed various improprieties and had her pay wrongfully appropriated by others; that the National Security Administration has been wiretapping her; and that the Federal Trade Commission has altered her and her allegedly deceased spouse's credit reports. Id. at 19–21. She alleges that the U.S. Department of Housing and Urban Development improperly processed mortgages, wrongly approved subdivisions, misapplied taxes, failed to inspect schools and subdivisions, allowed unjust foreclosures and violations of building codes, and discriminated against her in employment and prevented her from "becoming an occupant" in public housing. Id. at 21–24. Finally, she accuses the Federal Reserve of complicity in the "largest theft and the largest transfer of funds on record in U.S. History." Id. 25–26.

## II. DISCUSSION

### A. Governing Legal Standards

Under RCFC 12(b)(1), claims brought before this court must be dismissed when it is shown that the court lacks jurisdiction over their subject matter. When considering a motion to dismiss for lack of subject-matter jurisdiction, courts will normally accept as true all factual allegations made by the pleader and draw all

---

and many of the allegations in the complaint are directed toward parties not named in the caption, but in any event the United States is the only properly-named defendant in complaints filed in our court. See RCFC 10(a); Gharb v. United States, No. 12-911C, 2013 WL 4828589, at *2, *5 (Fed. Cl. Sept. 9, 2013).

reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (requiring that on a motion to dismiss for lack of subject-matter jurisdiction the court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

While a pro se plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside the court's jurisdiction from being dismissed, *see, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction bears the burden of establishing it, and must ultimately do so by a preponderance of the evidence. *See McNutt v. GMAC*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

The jurisdiction of the Court of Federal Claims is governed by the Tucker Act, which gives this court the authority to render judgment on claims seeking monetary damages against the United States. 28 U.S.C. § 1491 *et seq.*; *United States v. Mitchell*, 463 U.S. 206, 215–18 (1983). Because the Tucker Act does not create any substantive rights, a plaintiff must identify a separate source of law that creates a right to money damages for her claim to be within the court's jurisdiction. *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); *Mitchell*, 463 U.S. at 216. The test for determining whether a statute or regulation can support jurisdiction in this court is whether it can be fairly interpreted as mandating compensation. *See, e.g., United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472–73 (2003); *Mitchell*, 463 U.S. at 216–17; *Fisher v. United States*, 402 F.3d 1167, 1173–74 (Fed. Cir. 2005); *Contreras v. United States*, 64 Fed. Cl. 583, 588–92 (2005). Additionally, because the Tucker Act performs a gap-filling function, it does not provide jurisdiction over certian claims when Congress has "prescribed a different, specific avenue for review." *King v. United States*, 112 Fed. Cl. 396, 399 (2013) (citing *United States v. Bormes*, 133 S. Ct. 12, 18 (2012)).

## B. Analysis

The government has moved to dismiss this case under RCFC 12(b)(1), arguing that the complaint contains no claims within the jurisdiction of this court. The plaintiff has not filed any opposition to the government's motion,[2] and for that

---

[2] After the initial deadline for the plaintiff's response had passed, the Court issued an order *sua sponte* extending the time period in which the plaintiff could respond to the government's motion and advising the plaintiff that failure to oppose could

reason alone the Court may grant the motion. In light of the plaintiff's pro se status, however, the Court has reviewed the complaint to determine whether there are there are any facts alleged therein that may bring this case within our jurisdiction.

As the government correctly argues in its motion to dismiss, our court lacks jurisdiction over the plaintiff's claims relating to adverse personnel actions taken while she was working at the DOL. The Merit Systems Protection Board and Federal Circuit have exclusive jurisdiction over such claims. *United States v. Fausto*, 484 U.S. 439, 449 (1988); *Sacco v. United States*, 63 Fed. Cl. 424, 428 (2004). The plaintiff's allegations that she was fired without due process are also barred because the constitutional provisions guaranteeing due process are not money mandating. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *McCullough v. United States*, 76 Fed. Cl. 1, 4–5 (2006).[3] With regard to the plaintiff's claim that she was wrongfully denied veterans benefits apparently earned by her ex-husband, this court is similarly without jurisdiction. Such matters have been entrusted to the Court of Appeals for Veterans Affairs (CAVC), once the administrative remedies of the Department of Veterans Affairs have been exhausted. *See Ledford v. West*, 136 F.3d 776, 782 (Fed. Cir. 1998) (requiring exhaustion of administrative remedies); *Addington v. United States*, 94 Fed. Cl. 779, 782 (2010) (holding that CAVC possesses exclusive jurisdiction over appeals to veterans benefit determinations); *see also* 38 U.S.C. §§ 511, 7252(a).

This court has no authority to adjudicate criminal matters with the limited exception of awarding compensation in cases of false imprisonment. *McCullough*, 76 Fed. Cl. at 4 ("[T]his court lacks jurisdiction to adjudicate criminal claims."). *Cf.* 28 U.S.C. § 1495 (allowing "claim[s] for damages by any person unjustly convicted of an offense against the United States and imprisoned"). In the case of false imprisonment a plaintiff is required, however, to "allege and prove that . . . [h]is conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction." *Salman v. United States*, 69 Fed. Cl. 36, 39 (2005) (quoting 28 U.S.C. § 2513(a)). The plaintiff has made no such allegation or offer of proof.

The plaintiff's claims of tortious wrongdoing --- by employees of the DOL, IRS, and ODAR, co-workers, and various other individuals --- also fall outside of the

---

result in dismissal of her action. Order of Oct 23, 2013, ECF No. 5.

[3] Only in the limited circumstance of an alleged illegal exaction may a due process violation come within the jurisdiction of this court. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572–73 (Fed. Cir. 1996).

jurisdiction of this court. See 28 U.S.C. § 1491(a)(1) (granting our court jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages *in cases not sounding in tort*" (emphasis added)); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)) ("[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). Likewise, the court lacks jurisdiction over any of plaintiff's claims that a federal agency or its employees "engaged in negligent, fraudulent, or other wrongful conduct when discharging . . . official duties." *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998).

Finally, the plaintiff's allegations of discrimination are within the province of the district courts. This court has no jurisdiction over civil rights claims. *Id.* at 149–50 ("As courts have repeatedly held, there is no Tucker Act jurisdiction in the Court of Federal Claims to entertain claims involving race, sex, and age discrimination or other claims involving civil rights violations.").

### III. CONCLUSION

For the reasons stated above, the defendant's motion to dismiss this case for failure to state a claim within this court's jurisdiction under RCFC 12(b)(1) is **GRANTED**. The Clerk shall close the case.

**IT IS SO ORDERED.**

/s/ Victor J. Wolski
VICTOR J. WOLSKI
Judge